IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA DAVIS, | ) | CASE NO. 5:17 CV 1470 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| COMMISSIONER OF SOCIAL | ) | **ORDER** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Veronica K. Davis under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed

---

[1] ECF No. 24. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 5.
[6] ECF No. 10.
[7] ECF No. 23 (Commissioner's brief); ECF No. 18, Attachment 1 (Davis's brief).

supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, the decision of the Commissioner will be affirmed as supported by substantial evidence.

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Davis, who was 28 years old at the time of the administrative hearing,[11] has an eleventh grade education.[12] She lives with her fiancé and three minor children.[13] Her past relevant employment history includes work as a kitchen helper and hand packager.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Davis had the following severe impairments: cyclical vomiting syndrome ("CVS"); irritable bowel syndrome ("IBS"); post-traumatic stress disorder; panic disorder; major depressive disorder; and anxiety disorder.[15]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Davis capable of light work with additional limitations.[16] The ALJ decided that

---

[8] ECF No. 23, Attachment 1 (Commissioner's charts); ECF No. 18, Attachment 2 (Davis's charts).
[9] ECF No. 17 (Davis's fact sheet).
[10] ECF No. 26.
[11] ECF No. 9, Transcript ("Tr.") at 108, 114.
[12] *Id.* at 114.
[13] *Id.*
[14] *Id.* at 20.
[15] *Id.* at 13.
[16] *Id.* at 15.

this residual functional capacity ("RFC") precluded Davis from performing her past relevant work.[17]

Based testimony by the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Davis could perform.[18] The ALJ, therefore, found Davis not under a disability.[19]

**B.      Issues on judicial review**

Davis asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Davis presents the following issues for judicial review:

- Whether the ALJ failed to properly evaluate and weigh the opinions of Davis's treating gastroenterologist, an examining consultant, and an examining occupational therapist who all agreed that Davis lacked the capacity to work on a sustained, full-time basis.

- Whether the ALJ's RFC assessment fails to account for the symptoms associated with Davis's severe CVS and IBS.

- Whether evidence from Davis's treating gastroenterologist post-dating the ALJ's decision warrants remand.[20]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[17] *Id.* at 20.
[18] *Id.* at 21.
[19] *Id.* at 22.
[20] ECF No. 18, Attachment 1 at 1.

## Analysis

**A.      Applicable law**

*1.      Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

---

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).
22 *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
23 *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[24] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[25] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[26] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[27] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[28] The Court cautioned against collapsing these two distinct analyses into one.[29]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned applying the

---

[24] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[25] *Id.* at 375-76.
[26] *Id.* at 376.
[27] *Rogers*, 486 F.3d at 242.
[28] *Gayheart*, 710 F.3d at 376.
[29] *Id.*

5

regulatory factors governing each analytical step.[30]  Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[31] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[32]  Going beyond the reasons stated in the unified statement takes the Court into the hazy gray area of *de novo* review and *post hoc* rationalization.  A reviewing district court must avoid both.  An ALJ cannot avoid reversal by merely citing exhibits in the record that might support his findings without discussing the content of those exhibits and explaining how that content provides support.[33]  Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[34]  It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[35]  "Put simply . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[36]

---

[30] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[31] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, **7-8 (N.D. Ohio May 14, 2014).
[32] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[33] *Smith*, 2104WL1944247, at *7.
[34] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[35] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, *8 (S.D. Ohio March 5, 2014).
[36] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

3.   *Sentence six remand*

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating the following requirements for a remand to consider new evidence: that the evidence be "new"– that is, "not in existence or available to the claimant at the time of the administrative proceeding"; that the evidence be "material," which requires showing a "reasonable probability" that the Commissioner would have reached a different disposition of the claim if presented with the new evidence; and that "good cause" exists for not producing the evidence in a prior proceeding, which requires showing "a reasonable justification for the failure to acquire and present the evidence of inclusion in the hearing before the ALJ."[37]

The Sixth Circuit "has taken a harder line on the good cause test."[38] "This requires more than just showing evidence did not exist at the time of the ALJ's decision, but rather a Plaintiff must 'give a valid reason for his failure to obtain evidence prior to the hearing.'"[39]

---

[37] *Foster*, 279 F.3d at 357 (citations and internal quotations omitted).
[38] *Oliver v. Sec'y of Heath & Human Servs.*, 804 F.2 964, 966 (6th Cir. 1986) (finding failure to satisfy good cause requirement where additional medical records were prepared after final decision and could not have been presented at hearing).
[39] *Issac v. Comm'r of Soc. Sec.*, No. 1:16 CV 1345, 2017 WL 3705902, at *10 (N.D. Ohio Aug. 28, 2017) (citing and quoting *Oliver*, 804 F.2d at 966)).

**B. Application of applicable law**

*1. Source opinions*

This argument is substantially a challenge to the ALJ's RFC finding. Specifically, as to the severe impairments of CVS and IBS, the ALJ did not include in the RFC any limitation for frequent and unscheduled bathroom breaks or for absences from work for nausea, vomiting, and diarrhea.

The errors are couched in terms of the weight assigned to and the evaluation of the opinions of three medical sources: (1) Dr. Nicholas Golden, M.D., Davis's treating gastroenterologist; (2) Dr. Kashif Anwar, M.D., a consulting examiner; and Michelle Kunkle, OT, a consulting examiner. While only Kunkle provided a traditional RFC opinion,[40] each make some observations regarding Davis's limitations:

- Golden: IBS necessitates multiple unexpected trips to the bathroom.[41]

- Anwar: Davis should avoid five day a week work and is best suited for flexible scheduling because of CVS episodes.[42]

- Kunkle: Because of IBS and CVS, Davis would need frequent unscheduled breaks in a work day and would be absent from work more than four times per month.[43]

It appears that despite extensive medical testing, no etiology for the IBS or CVS

---

[40] Tr. at 1060-62.
[41] *Id.* at 1064.
[42] *Id.* at 790.
[43] *Id.* at 1061.

8

has been found. This includes tests done or ordered by treating sources. The CVS seems to have resolved in 2015.[44]

During oral argument, Davis's counsel emphasized Davis's frequent hospitalizations for the effects of her IBS and CVS. In this regard, it should be noted that the objective medical testing done in connection with these hospitalizations produced no abnormal findings,[45] and the ALJ acknowledged Davis's multiple hospitalizations.[46]

The ALJ adequately evaluated and weighed these three medical opinions, and his articulation is supported by the record.[47] First, the ALJ provided "good reasons" for discounting Dr. Golden's February 2015 opinion. He specifically noted the following in a unified statement:

- The severity of Davis's symptoms relating to her IBS and CVS were unsupported by objective medical testing.

- The etiology of Davis's symptoms remained undetermined despite extensive testing.

- Dr. Golden's opinion failed to provide any functional limitations.[48]

Elsewhere in his opinion, the ALJ also emphasized that Davis's vomiting was now under control as a result of medication and the objective medical testing reflected normal findings.[49]

---

[44] *Id.* at 1356, 126.
[45] *Id.* at 16-17.
[46] *Id.*
[47] *Id.* at 19-20.
[48] *Id.* at 20.
[49] *Id.* at 16-17.

The ALJ likewise considered Dr. Anwar's opinion and discounted it on the ground that Dr. Anwar's findings were not supported by the objective findings of his examination.[50]

Regarding Ms. Kunkle's opinion, the ALJ appropriately acknowledged that she was not an "acceptable medical source." The ALJ discounted the opinion because he found no objective support for the restrictions Ms. Kunkle opined, that it appeared she based her limitations on Davis's subjective complaints, and that her opinion was inconsistent with Davis's activities of daily living.[51]

Under the substantial evidence standard, the ALJ's RFC findings must be affirmed.

## 2. *General RFC challenge*

Davis generally challenges the RFC for not incorporating greater restrictions to address her IBS and CVS. This is merely a restatement of the first issue. As noted above, substantial evidence supports the RFC.

## 3. *Sentence six remand*

Finally, Davis argues for a remand to consider a post-decision opinion from Dr. Golden dated September 15, 2016, five months after the date of decision. This opinion states that Davis's IBS is severe and refractory[52] and that Davis is unable to be gainfully

---

[50] *Id.* at 19.
[51] *Id.* at 19-20.
[52] "Refractory" is defined as "resistant to treatment." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1606 (30th ed. 2003).

employed.[53] Davis presented this evidence to the Appeals Council, which refused to remand. Although arguably new, Dr. Golden's September 2016 opinion is not "material" as it adds nothing. It is repetitive of Dr. Golden's February 25, 2015 report, which the ALJ properly considered and weighed. Furthermore, Davis has failed to show good cause for not presenting this evidence to the ALJ. Therefore, remand under sentence six is not appropriate.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Davis had no disability. Accordingly, the decision of the Commissioner denying Davis's disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: August 27, 2018                      s/ William H. Baughman, Jr.
                                                                        United States Magistrate Judge

---

[53] Tr. at 96.